UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-2910-MWF (MRWx)          Date:  May 2, 2017
Title:     In re OSI Systems, Inc. Derivative Litigation

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

    Deputy Clerk:                                Court Reporter:
    Rita Sanchez                                 Not Reported

    Attorneys Present for Plaintiff:             Attorneys Present for Defendant:
    None Present                                 None Present

**Proceedings (In Chambers):**  ORDER RE PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT [94]

    Before the Court is Plaintiffs' unopposed Motion for Final Approval of Settlement, Award of Attorneys' Fees and Expense, and Approval of Service Awards to Plaintiffs, filed on April 10, 2017.  ("the Motion," Docket No. 94).  Plaintiffs also filed a Reply on April 24, 2017.  (Docket No. 98).

    The Court held a hearing on May 1, 2017.  For the reasons given below, the Motion is **GRANTED**.  The proposed settlement is fair, reasonable, and adequate to serve the interests of the shareholders.  The Court also grants the request for attorneys' fees and the service awards.  The attorneys' fees and litigation expenses sought are also reasonable to compensate counsel fairly.  In addition, no objections were filed to the settlement by the shareholders.

**I.     BACKGROUND**

    The Court previously discussed the background to this action in an Order preliminarily approving the settlement.  ("Preliminary Order"( Docket No. 90)):

    This shareholder derivative action was brought against members of the Board of Directors of Defendant OSI System, Inc.  The Complaint alleged that the Board and several individual Defendants breached their fiduciary duties as directors and/or officers by causing OSI to disseminate false and misleading statements to investors and the government.  Plaintiffs further allege that Defendants failed to implement adequate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-2910-MWF (MRWx)          Date:  May 2, 2017
Title:      In re OSI Systems, Inc. Derivative Litigation

internal controls, resulting in the above conduct that may have violated federal regulations, government contracts, and the fiduciary duty owed to the shareholders.

OSI produces x-ray security systems used in airports.  OSI's largest customers are the Department of Homeland Security and the Transportation Services Administration.  Plaintiff alleges that, due to the lack of internal controls, OSI failed to disclose defects in several of its x-ray systems.  As a result, in May 2013 DHS issued a Notice of Debarment to OSI.  In addition, OSI's practices also gave rise to a securities fraud class action in this Court.

This action was commenced in 2014 by several Plaintiffs.  Beginning in June 2015, the parties engaged in extensive settlement negotiations and mediation sessions before the Honorable Layn R. Phillips, United Stated District Judge (Ret.).  Plaintiffs further retained Professor Daniel Morrissey, a corporate governance expert, to review the allegations and form a set of reforms designed to remedy the alleged breach of fiduciary duty.  In July 2016, the parties were able to agree to settlement terms.

As noted above, the Court previously preliminarily approved the settlement.

### A.     Terms of the Settlement

The settlement requires OSI to update and improve its corporate governance.  Among other things, OSI must appoint a new independent director with compliance-related experience; appoint a lead independent director to the Board; strengthen training in corporate governance for all directors and officers; enhance oversight of compliance; and amend compensation policies to include compliance as a factor in determining compensation.  (Motion at 7).

The settlement calls for incentive payments of $5,000 to named Plaintiffs.  (*Id.* at 24).  As part of the settlement, Plaintiffs' counsel would be entitled to seek a Fee and Expense Award in an amount up to $1.6 million.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-14-2910-MWF (MRWx)  Date: May 2, 2017
Title: In re OSI Systems, Inc. Derivative Litigation

### B. Notice and Response

Notice was sent to the shareholders in accordance with the method previously approved by the Court. The Notice included information about the nature and history of the litigation; the terms of the settlement; the reasons for settling; and the potential $1.6 million Fee and Expense Award sought in connection with the settlement by Plaintiffs' counsel. The Notice also set forth the procedure for objecting to the settlement, as well as how to contact counsel to obtain more information.

Regarding the manner of notice, OSI caused the Notice to be published twice in the national edition of *Investors' Business Daily*, on February 6 and 13, 2017, posted the Notice and the settlement terms on OSI's Investor Relations website, and included a statement in the quarterly 10-Q filed with the SEC on February 1, 2017. Plaintiffs' counsel also posted the settlement and Notice on their website.

No shareholders objected to the settlement.

## II. LEGAL STANDARD

Before approving the settlement, Rule 23 of the Federal Rules of Civil Procedure requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: [1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted) (applying the factors announced in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-2910-MWF (MRWx)           Date:  May 2, 2017
Title:     In re OSI Systems, Inc. Derivative Litigation

"The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton*, 327 F.3d at 960 (quoting *Hanlon*, 150 F.3d at 1026). "The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship*, Nos. C–96–3008 DLJ, C–97–0203 DLJ, C–97–0425 DLJ, C–97–0457 DLJ, 1997 WL 450064, *5 (N.D. Cal. July 18, 1997), *aff'd,* 151 F.3d 1234, 1234 (9th Cir. 1998).

"The principal factor to be considered in determining the fairness of a settlement concluding a shareholders' derivative action is the extent of the benefit to be derived from the proposed settlement by the corporation, the real party in interest." *In re Atmel Corp. Derivative Litig.*, 2010 WL 9525643, at *12 (N.D. Cal. Mar. 31, 2010) (quoting *Shlensky v. Dorsey*, 574 F.2d 131, 147 (3d Cir.1978)).

"In addition, the settlement may not be the product of collusion among the negotiating parties." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

### III.  DISCUSSION

#### A. Final Approval of Derivative Settlement

The proposed Settlement is the outcome of an arms-length negotiation conducted with the help of Judge Phillips, an experienced mediator. *See In re Atmel Corp. Derivative Litig.*, 2010 WL 9525643, at *13 (N.D. Cal. Mar. 31, 2010) ("Judge Phillips' participation weighs considerably against any inference of a collusive settlement."). "The assistance of an experienced mediator in the settlement process

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-2910-MWF (MRWx)  Date:  May 2, 2017
Title:     In re OSI Systems, Inc. Derivative Litigation

confirms that the settlement is non-collusive." *Satchell v. Fed. Express Corp.*, No. C 03 2878 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007).  The Court is satisfied that the proposed settlement is not the product of collusion between the parties.  The arms-length nature of the negotiation resulting in the proposed settlement supports final approval.

Furthermore, the *Hanlon* factors listed above also favor final approval of the proposed settlement:

### 1. Strength of Plaintiff's case and risk, expense, complexity, and likely duration of further litigation

When assessing the strength of a plaintiff's case, the district court does not reach "any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of this litigation." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989).  The Motion notes the risks Plaintiffs faced if litigation were to continue.  First, derivative lawsuits are difficult to win under any circumstances, as Plaintiffs note.  *See In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 377–78 (9th Cir.1995) ("Derivative lawsuits are rarely successful . . . .").  In addition, here Plaintiffs did not make a pre-suit demand on Defendants, allowing Defendants to argue that Plaintiffs had not adequately alleged demand futility.  Making the necessary showing would have required Plaintiffs to overcome several hurdles to show that a majority of the board was either interested or lacked independence, a difficult showing.  Due to the involvement of the TSA in this case, Plaintiffs would have likely faced difficulties in obtaining full discovery under the requirements of *Touhy v. Ragen*, 340 U.S. 462 (1951).

Against all these potential difficulties, a settlement gives Plaintiffs an immediate benefit that also benefits Defendants going forward.  The settlement eliminates the risks discussed above and assures that Plaintiffs do not face the very-real possibility of zero recovery after a lengthy suit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-2910-MWF (MRWx)                Date:  May 2, 2017
Title:     In re OSI Systems, Inc. Derivative Litigation

### 2. Amount offered in settlement; benefit conferred by settlement

The Court concludes the settlement is fair under the circumstances, and confers a substantial benefit on the corporation and the shareholders. The corporate governance measures called for in the settlement will provide a valuable benefit to OSI, a public company. *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 395 (1970) ("[A]n increasing number of lower courts have acknowledged that a corporation may receive a substantial benefit from a derivative suit, justifying an award of counsel fees, regardless of whether the benefit is pecuniary in nature."). The company will be forced to appoint a new independent director with compliance-related experience. This seventh director will also ensure that the board never deadlocks. The new lead independent director will protect the board from being dominated by management or one or two directors. Each of the settlement provisions is designed to prevent reoccurrence of the wrongdoing alleged in Plaintiffs' Complaint, as discussed in the Motion. (Motion at 9–11). In addition, Professor Daniel Morrissey, an expert on corporate governance, has confirmed, in detail, the materiality of these benefits. (Opinion of Professor Morrissey (Docket No. 95-3)).

The Court agrees that the settlement is fair and confers a substantial benefit on the corporation and its shareholders. *See Sved v. Chadwick*, 783 F. Supp. 2d 851, 864 (N.D. Tex. 2009) (approving derivative litigation settlement because it "offers tangible, long-term remedial measures that are specifically designed to avoid the alleged missteps in [the company's] past and protect shareholders as the company moves forward"); *Mohammed v. Ells*, 2014 WL 4212687, at *3 (D. Colo. Aug. 26, 2014) (finding settlement fair and adequate where "the corporate governance reforms provided for as part of the settlement are specifically and appropriately designed to prevent the recurrence of the alleged misconduct that formed the basis for this action").

### 3. Extent of discovery completed and stage of the proceedings

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement." *Linney*, 151 F.3d at 1239. The Motion details the extensive investigation performed by Plaintiffs' counsel

---

**CIVIL MINUTES—GENERAL**                                                           6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-14-2910-MWF (MRWx)  Date: May 2, 2017
Title: In re OSI Systems, Inc. Derivative Litigation

prior to settling. The parties reviewed hundreds of pages of non-public documents relating to the claims; press releases, public statements, and SEC filings; media reports; and researched the applicable law. In addition, Plaintiffs' counsel researched and filed multiple complaints alleging derivative claims, conducted damages analyses, and participated in informal conferences with Defendants. Finally, the parties participated in the settlement and day-long mediation conference. This extensive research shows that the lack of formal discovery did not hamper the investigatory effort on Plaintiffs' part.

This factor weighs in favor of approving the settlement.

### 4. Experience and views of Lead Counsel

Plaintiffs' counsel have extensive experience in derivative litigation. This experience allowed them to thoroughly and accurately evaluate the merit and potential payout of the case.

### 6. Reaction of the shareholders to the proposed settlement

As discussed above, zero objections were received to the settlement, and only one member opted out. "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomm'cns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004). After receiving notice of the proposed settlement, the shareholders have been almost entirely silent. By any standard, the lack of objection favors final approval. *See, e.g., Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 45 objections out of 90,000 notices sent).

Based on the *Hanlon* factors, the Court concludes that the settlement is reasonable, fair, and adequate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-2910-MWF (MRWx)          Date:  May 2, 2017
Title:    In re OSI Systems, Inc. Derivative Litigation

### B.   Attorney's Fees and Reimbursement of Litigation Expenses

The parties submitted the question of attorneys' fees to Judge Phillips for binding resolution. Judge Phillips received written submissions and heard oral arguments from the parties. He then determined that Defendants should pay Plaintiffs' counsel $1.6 million. Defendants have agreed to this amount and do not oppose the award.

In the Ninth Circuit, there are two primary methods to calculate attorney's fees: the lodestar method and the percentage-of-recovery method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) (citation omitted). "The lodestar method requires 'multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'" *Id.* (citation omitted). Because there was no monetary recovery here, the lodestar method makes the most sense. "Courts generally regard the lodestar method, which uses the number of hours reasonably expended, as the best approach in cases where the nature of the settlement evades the precise evaluation needed for the percentage of recovery method." *Osher v. SCA Realty I, Inc.*, 945 F. Supp. 298, 307 (D.D.C. 1996).

The parties' separately-negotiated attorneys' fees arrangement warrants significant deference. *See In re Apple Computer, Inc. Derivative Litig.*, 2008 WL 4820784, at *3 (N.D. Cal. Nov. 5, 2008) ("Finally, the parties have presented evidence that the proposed award of attorneys' fees was negotiated separately from the initial $14 million payment. The parties first agreed on a gross settlement of $14 million and the implementation of the new corporate governance rules, and only then did they allocate the attorneys' fees. A court should refrain from substituting its own value for a properly bargained—for agreement."). "[C]ourts consistently have approved attorneys' fees and expenses in shareholder actions where the plaintiffs' efforts resulted in significant corporate governance reforms but no monetary relief." *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-2910-MWF (MRWx)			Date:  May 2, 2017
Title:	In re OSI Systems, Inc. Derivative Litigation

As discussed earlier, counsel's efforts led to significant benefits being conferred on both OSI and its shareholders.  Counsel undertook great risk in litigating this matter on a contingent basis, as there was a substantial chance that no recovery would be had at the end of a lengthy suit.  The suit was highly complex and required extensive investigation and research.  Each of these factors weighs in favor of approving the fee award.  In addition, Plaintiffs' counsel's lodestar is in excess of $2.75 million. (Motion at 24).  Therefore, the reasonableness of the award is confirmed by a lodestar cross-check.

Accordingly, the Court approves the requested attorneys' fee and expense award.

C.	**Incentive Awards**

The Motion also seeks an incentive award of $5,000 for each named Plaintiff to be taken from the attorneys' fee award approved above.

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments" as part of a settlement. *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003).  When evaluating the reasonableness of an incentive award, courts may consider factors such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *Id.*  "An incentive payment to come from the attorneys' fees awarded to plaintiff's counsel need not be subject to intensive scrutiny, as the interests of the corporation, the public, and the defendants are not directly affected." *In re Cendant Corp., Derivative Action Litig.*, 232 F. Supp. 2d 327, 344 (D.N.J. 2002).  .

The named Plaintiffs actively participated in the litigation and willingly undertook certain responsibilities and the risk that go along with publicly litigating such a suit.  These Plaintiffs devoted many hours to the litigation and participated in prosecuting the action for more than three years.

---

**CIVIL MINUTES—GENERAL**					9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-14-2910-MWF (MRWx)     **Date:** May 2, 2017
**Title:**     In re OSI Systems, Inc. Derivative Litigation

The Court agrees that a $5,000 incentive award is justified and reasonable in this case.

## IV.  CONCLUSION

The Court **GRANTS** the Motion for Final Approval.

The Court awards Plaintiffs' counsel $1.6 million in costs and fees. The Court awards $5,000 to each of the named Plaintiffs.

Consistent with the Court's rulings in this Order, a separate Judgment granting final approval and awarding attorney's fees will issue.

IT IS SO ORDERED.