JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE: OSI SYSTEMS, INC. DERIVATIVE LITIGATION ) ) ) This Document Relates To: ) ) ALL ACTIONS ) ) | Lead Case No. 14-cv-02910-MWF (MRWx) <br><br> <u>DERIVATIVE ACTION</u> <br><br> **ORDER AND FINAL JUDGMENT** |

This matter came before the Court for hearing on May 1, 2017, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated November 23, 2016, and the exhibits thereto (the "Stipulation"). The Court has reviewed and considered all documents, evidence, and arguments presented in support of or against the Settlement, including the lack of any objections. Good cause appearing therefor, and pursuant to Rules 54 and 58(a) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be entered as follows:

1

ORDER AND FINAL JUDGMENT

1. Unless otherwise stated herein, all capitalized terms contained in this Judgment shall have the same meaning and effect as stated in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Derivative Action and over the Settling Parties.

3. This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties and the Current OSI Shareholders, and hereby directs the Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

4. This Court hereby dismisses the California Action with prejudice and without costs to Defendants or Nominal Defendant OSI, except as otherwise provided below. The Court also directs the Delaware Plaintiff to file dismissal with prejudice of the Delaware Action as against the Defendants pursuant to the Stipulation.

5. Upon the Effective Date, the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Actions against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6. Upon the Effective Date, the Releasing Parties are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons as set forth in and in accordance with the terms of the Stipulation. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

The Court finds that the Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions was given in accordance with the Preliminary Approval and Scheduling Order, and that such Notice was reasonable, constituted the most practicable notice under the circumstances to OSI shareholders, and complied with the requirements of federal law and due process.

The Court hereby awards Plaintiffs' Counsel attorneys' fees and expenses in the amount of $1,600,000.00 and directs payment of the Fee and Expense Award in accordance with the terms of the Stipulation.

The Court hereby approves a Service Award of $5,000 for each of the Plaintiffs, to be paid from Plaintiffs' Counsels' Fee and Expense Award in recognition of Plaintiffs' participation and effort in the prosecution of the Actions.

During the course of the litigation of the Actions, all Settling Parties and their counsel acted in good faith and complied with Rule 11 of the Federal Rules of Civil Procedure, California Code of Civil Procedure section 128.7, and all similar rules and statutes.

Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Released Persons for purpose of the Released Claims or for any other purpose; (b) an admission or

concession by Plaintiffs or any OSI shareholder of any infirmity in the claims asserted in the Complaint; or (c) an admission of, or evidence of, any fault or omission of any of the Released Persons in any action, arbitration or other proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) implementation of this Settlement; and (b) all Settling Parties and the Settling Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the Stipulation and this Order.

Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

DATED: MAY 2, 2017

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE